Floyd SMITH, Employee, *v.*
RICELAND FOODS, Employer, and
LIBERTY MUTUAL INSURANCE COMPANY,
Insurance Carrier

76-226                                          545 S.W. 2d 604

Opinion delivered January 31, 1977
In Banc

*E. L. Schieffler* and *Harvey L. Yates,* for appellant.

*Rieves, Rieves & Shelton,* for appellees.

CONLEY BYRD, Justice. The Workmen's Compensation Commission in denying total disability benefits to appellant Floyd Smith made the following findings of fact:

"The claimant indeed appears to be totally disabled, however, based upon Dr. Faulkner's testimony, it is our opinion that this disability is the direct result of the

various hernias that the claimant has experienced, the subsequent repairs thereto and the susceptibility to further type hernia."

The record shows that appellant has had five hernias while in the employment of appellee, Riceland Foods, and that the employer has paid the workmen's compensation benefits and furnished the necessary medical expense for each hernia. There is no contention that the last hernia was not properly repaired — in fact the medical proof shows that it was.

The Workmen's Compensation Law, Ark. Stat. Ann. § 81-1313(e) (Repl. 1976) in so far as here applicable provides:

"In every case of hernia it shall be the duty of the employer forthwith to provide the necessary and proper medical, surgical and hospital care and attention to effectuate a cure by radical operation of the hernia, to pay all reasonable expenses in connection therewith, and, in addition, to pay compensation not exceeding a period of twenty-six (26) weeks. In case the employee shall refuse to permit such operation, it shall be the duty of the employer to provide all necessary first aid, medical and hospital care and service, and to supply the proper and necessary truss or other mechanical appliance to enable the employee to resume work, to pay all reasonable expenses in connection therewith, and, in addition, to pay compensation not exceeding a period of thirteen (13) weeks. In case death results within a period of one (1) year, either from the hernia or from the radical operation thereof, compensation shall be paid the dependents as provided in other death cases under this Act [§§81-1301 — 81-1349]. Recurrence of the hernia following radical operation thereof shall be considered a separate hernia and the provisions and limitations regarding the original hernia shall apply."

Based upon the foregoing record, the circuit court affirmed the commission and for reversal the appellant here contends that since he is totally disabled his benefits should not be limited by the hernia provision in Ark. Stat. Ann. § 81-1313 (e) (Repl. 1976), and that if Ark. Stat. Ann. § 81-1313

(e) (Repl. 1976) does limit his benefits then it is unconstitutional under Art. 2 § 18 of the Constitution of Arkansas and Amendment 14 to the United States Constitution.

POINT I.    Appellant here asks that we apply our decision in *McNeely* v. *Clem Mill and Gin Company*, 241 Ark. 498, 409 S.W. 2d 502 (1966), to award total disability in accordance with Ark. Stat. Ann. § 81-1313(a) (Repl. 1976), which provides:

> "In case of total disability there shall be paid to the injured employee during the continuance of such total disability sixty-six and two-thirds per cent (66 2/3%) of his average weekly wage. Loss of both hands, or both arms, or both legs, or both eyes, or of any two [2] thereof shall, in the absence of clear and convincing proof to the contrary, constitute permanent total disability. In all other cases, permanent total disability shall be determined in accordance with the facts."

In the *McNeely* case we held that where a scheduled injury under subsection (c) of Section 81-1313 resulted in a total disability then the claimant was entitled to the greater benefit set forth in subsection (a) for total disability even though in the absence of a total disability the smaller limits in subsection (c) would be applied. We do not believe that the proof in this case is sufficient to bring appellant under the doctrine of the *McNeely* case — *i.e.* the medical proof shows that he had good results from his hernia operation and that his total disability results from his susceptibility to the recurrence of hernia. Furthermore, as pointed out in *Jobe* v. *Capitol Products,* 230 Ark. 1, 320 S.W. 2d 634 (1959), that disability which arises from an inherent weakness of the fascia does not entitle one to benefits under the terms of subsection (e) *supra.*

POINT II.    Here appellant argues that to deny him benefits under the hernia subsection instead of allowing the benefits under the total disability subsection creates an unreasonable classification that is void under the equal protection clauses of the Constitutions of the United States and Arkansas. We find this contention without merit for the reasons set forth in *Corbitt* v. *Mohawk Rubber Co.,* 256 Ark. 932,

511 S.W. 2d 184 (1974).

Affirmed.