150

## Marvin O. TIBBS *v.* DIXIE BEARINGS, INC. et al

CA 83-30                                                     654 S.W.2d 588

Court of Appeals of Arkansas
Opinion delivered July 6, 1983
[Rehearing denied August 24, 1983.]

*Bramhall & Duncan,* by: *Phillip J. Duncan* and *Ralph C. Ohm,* for appellant.

*Michael E. Ryburn,* for appellees.

TOM GLAZE, Judge. This Workers' Compensation case involves a hernia claim. Appellant has had surgical repair for four different hernias, but the last two are the subject of this litigation. Appellees accepted these two hernia claims as

compensable and paid benefits accordingly. Before the Commission, appellant argued his entitlement to permanent disability benefits because of complications he suffered resulting from his hernia surgeries. He also claimed he was entitled to vocational rehabilitation and to an award for nursing services. Although the Commission found appellant permanently disabled, it held he was limited to the twenty-six weeks of benefits provided for hernia injuries under Ark. Stat. Ann. § 81-1313 (e) (Repl. 1976). The Commission also denied his request for an award for nursing services. However, it remanded this cause to the Administrative Law Judge with directions to have appellant's vocational rehabilitation potential evaluated, holding that he is not precluded as a matter of law from receiving a program of vocational rehabilitation at appellees' expense simply because his disability results from a hernia. In this appeal, appellant argues the Commission's rulings on these issues are contrary both to law and the evidence. We believe the Commission correctly limited appellant's benefits claim to twenty-six weeks, but it erroneously found appellant permanently disabled and entitled to vocational rehabilitation benefits. We also hold the Commission erred in denying appellant an award for nursing services.

The relevant facts in this case are not in dispute. On December 29, 1980, appellant suffered an on-the-job injury, which was diagnosed and treated as a hernia. On March 2, 1981, he returned to his employment; on March 11, 1981, he incurred another hernia injury. As a result of these injuries, appellant suffered multiple stitch infections, because he was allergic to silk sutures used in the surgeries. Because of appellant's allergic reaction, he underwent a third surgery in August, 1981, to remove those sutures. Because of these infections and complications, appellant's hernia injury was not healed when the Commission heard this case. However, Dr. John Allen had released appellant to return to light duty employment. Another doctor, Charles H. Rodgers, stated appellant could perform no labor which involved straining, stooping or lifting. Appellant is fifty-three years old, has a twelfth grade education and has always worked on jobs requiring unskilled labor.

First, we consider appellant's contention that his hernia claim should not be limited to the twenty-six weeks of benefits. His argument is two-fold: (1) his hernia injury was not covered by § 81-1313 (e) because the Commission found the injury was permanently disabling; and (2) even if § 81-1313 (e) covers the injury, he characterizes his injury as a "hernia plus," or something more than a hernia injury, causing it to be a permanent partial disability governed by § 81-1313 (d) — a statutory provision that allows for more benefits than those set out in § 81-1313 (e).

While appellant's argument is couched in terms of originality and able persuasion, it is essentially the same one that was made and rejected in *Jobe* v. *Capitol Products Corp.*, 230 Ark. 1, 320 S.W.2d 634 (1959). Jobe, a laborer, suffered an extensive hernia injury for which he received full medical and compensation benefits under § 81-1313 (e). He later filed for additional benefits, contending that he was permanently, partially disabled. Three doctors said that Jobe suffered a permanent partial disability, rating it from 5% to 30% to the body as a whole. Jobe's injury was described as a weakened fascia (tissues covering the muscle that lends strength to the abdominal wall), and doctors testified that Jobe would be unable to do any heavy lifting again. In support of his claim for additional benefits, Jobe argued his hernia was accompanied by complications, its being more painful and slower to heal than most. In rejecting Jobe's claim for permanent partial disability benefits, the Supreme Court said:

It is, of course, obvious that benefits arising from hernia are to be determined by this subsection [§ 81-1313 (e)]; otherwise, there would be no need for a special section dealing this this particular type of injury. Section 1470, Volume 5, Permanent Edition, of Schneider's Workmen's Compensation Text relates that specific provisions respecting hernia as a compensable injury are found in thirty-two of the Workmen's Compensation Acts in this country. A study of numerous decisions from various states whose laws make special provision for hernia cases, results in

finding that the limitation placed on benefits in such cases is consistently adhered to.

. . . .

Of course, we are so well committed to the policy of giving a liberal and broad construction to the provisions of the Workmen's Compensation Act, as to require no citation of authority. However, this does not mean that the plain provisions of the Section can be ignored. Appellant says, "The Section under consideration provides for death benefits in the event death occurs either from the hernia or the operation thereof; we see no reason to exclude benefits for permanent partial disability." Without discussing the logic of that assertion, let it be said that *the best reason for excluding benefits for permanent partial disability is simply that the Section does not provide for them.*

*Id.* at 4-5, 320 S.W.2d at 636-37 (citations omitted) (emphasis supplied).

The Supreme Court's ruling in *Jobe* clearly precludes the award of permanent disability benefits to appellant here. Appellant argues *Jobe* is distinguishable because there the claimant fully recovered from his hernia surgery, but here appellant has not. This argument fails for two reasons.

First, the medical evidence presented does not indicate that appellant's failure to heal promptly caused him to suffer any greater disability than any other person sustaining a severe hernia injury. Neither Dr. Allen nor Dr. Rodgers opined the infections caused appellant any disablement separate or distinct from the hernia itself. They simply said that the appellant could perform no labor which involved straining, stooping or lifting, but that he was released to return to light duty employment. Such medical proscriptions given appellant are essentially the same as those given the claimant in *Jobe* or others suffering from a severe, slow-to-heal injury. Second, the language in § 81-1313 (e) imposes a duty upon the employer to pay all reasonable, necessary medical, surgical and hospital ex-

penses to effectuate a cure by radical operation of an employee's hernia. Contrary to appellant's argument, § 81-1313 (e) does not extend compensation benefits until a cure is effectuated. Instead, it limits such benefits to a maximum period of twenty-six weeks.[1] In sum, we find no meaningful distinction between *Jobe* and the case at bar, and for that reason, we believe the Supreme Court's decision there clearly precludes the additional compensation benefits requested by the appellant.

We now consider appellant's claim for rehabilitation. Employees entitled to compensation benefits for a permanent disability may also be eligible for rehabilitation benefits. Ark. Stat. Ann. § 81-1310 (f) (Supp. 1981). Of course, we have already affirmed the Commission's decision denying permanent disability compensation benefits to appellant. Thus, pursuant to the clear language in § 81-1310 (f), appellant simply is not entitled to the costs of a vocational rehabilitation program at appellee's expense.

Finally, we review the Commission's denial of appellant's request for nursing services. In denying such benefits, the Commission adopted the following Administrative Law Judge's findings:

The services performed for the claimant by Ms. Gilbert have certainly been helpful to the claimant. However, I do not feel that these services were the type envisioned by the framers of Ark. Stat. Ann. § 81-1311, pertaining to nursing services. Ms. Gilbert testified that she did not expect payment initially when the duties were performed, but did it as a friend. Furthermore, she did not lose time from her regular full-time employment in carrying out duties, nor was any specialized knowledge required. I do not find indication from his treating physician that such services were prescribed.

The foregoing findings reveal neither the Law Judge nor the Commission considered the threshold question

---

[1]Appellees assert and appellant concedes that all medical, surgical and hospital expenses have been (and will continue to be) paid until appellant's injury is healed.

required under Ark. Stat. Ann. § 81-1311, *viz.,* whether the nursing services provided the appellant were reasonably necessary for the treatment of his injury. *See Pickens-Bond Construction Co.* v. *Case,* 266 Ark. 323, 584 S.W.2d 21 (1979). The Judge and Commission did determine that Ms. Gilbert, the neighbor who ministered to appellant, did not quit her employment in order to provide him the nursing services; nor did she possess the specialized training of a nurse. Neither of these factors, however, necessarily renders the services provided appellant noncompensable. *See Pickens-Bond Construction Co.* v. *Case, supra;* and *Sisk* v. *Philpot,* 244 Ark. 79, 423 S.W.2d 871 (1968). Indisputedly, Ms. Gilbert rendered services to appellant which could only be categorized as medical or nursing care. For example, some of her duties included changing bandages and cleaning appellant's wound — a feat Ms. Gilbert and appellant stated that he could not do alone. Although the Commission found the treating doctor (Allen) did not actually prescribe nursing services, the record clearly reflects the doctor never addressed the question concerning the necessity of such services. From the evidence, it is obvious that appellant required daily medical attention and care, and we find nothing in the record that contradicts the evidence offered by appellant that another person was necessary in providing him that required medical care.

In conclusion, we find no substantial evidence indicating that the nursing services rendered appellant were not reasonably necessary for the treatment of his injury. Therefore, on this point, we reverse and remand with directions to the Commission to determine the amount of compensation to be allowed for the nursing services provided by Ms. Gilbert.

Affirmed in part and reversed and remanded in part.