Lloyd D. RASH *v.* GOODYEAR TIRE AND RUBBER
CO., et al.

CA 86-110                                          715 S.W.2d 449

Court of Appeals of Arkansas
Division I
Opinion delivered September 3, 1986

*Odom, Elliott & Martin*, by: *Jay N. Tolley*, for appellant.

*Michael E. Ryburn*, for appellees.

GEORGE K. CRACRAFT, Chief Judge. Lloyd D. Rash appeals
from a ruling of the Arkansas Workers' Compensation Commis-
sion that the compensation benefits payable to him as the result of
a hernia operation are limited to a twenty-six week period as
provided in Ark. Stat. Ann. § 81-1313(e) (Repl. 1976). We find
no error and affirm.

Appellant suffered a compensable hernia for which surgery
was performed. Although this was his sixth hernia surgery, he
testified that he had no problems doing heavy work prior to the

most recent one, but could not now do work which required that he lift over twenty-five pounds. There was medical evidence that he had sustained a permanent impairment of five to ten percent to the body as a whole. He contended that in addition to the benefits provided in § 81-1313(e) he was entitled to compensation for permanent partial disability. The Commission held that, under the rule announced in *Jobe* v. *Capitol Products Corp.*, 230 Ark. 1, 320 S.W.2d 634 (1959) and *Tibbs* v. *Dixie Bearings, Inc.*, 9 Ark. App. 150, 654 S.W.2d 588 (1983), appellant's benefits were restricted to the compensation for twenty-six weeks as provided in § 81-1313(e), which makes no provision for permanent partial disability benefits. This appeal followed.

Ark. Stat. Ann. § 81-1313(e) provides that *in every case* of compensable hernia the employer shall provide necessary medical care to effectuate a cure by radical operation and, in addition, pay compensation for a period not exceeding twenty-six weeks. Alternate benefits are provided for those employees who refuse to submit to an operation.

In *Jobe* v. *Capitol Products Corp., supra*, on almost identical facts, the supreme court held that one suffering partial disability as a result of a work-related hernia is not entitled to partial disability benefits but is restricted to the compensation provided for the hernia itself under § 81-1313(e). The court pointed out that the reason for excluding benefits for permanent partial disability is simply that the hernia section makes no provision for it. In *Smith* v. *Riceland Foods*, 261 Ark. 10, 545 S.W.2d 604 (1977), the court reaffirmed its holding in *Jobe* that a workman is not entitled to compensation for partial disability which arises from an inherent weakness of the fascia but is restricted to the compensation provided in § 81-1313(e). There the court further held that the provision limiting benefits for hernia did not violate any constitutional guarantees.

The same factual situation was presented to this court in *Tibbs* v. *Dixie Bearings, Inc., supra*. Following *Jobe*, we held that permanent partial disability benefits provided in § 81-1313(d) are not payable in hernia cases because compensation is limited to that provided in § 81-1313(e).

Appellant acknowledges that if his case is to be determined under the provisions of § 81-1313(e) his appeal must fail. In his

brief he states: "However, if the same facts are placed under § 81-1302(d) and (e) and the appropriate case law in support of these two sections is given effect, then the claimant would correspondingly be entitled to receive benefits." Section 81-1302(d) defines injury as accidental injury arising out of and in the course of employment. Section 81-1302(e) defines disability as incapacity because of injury to earn in the same or any other employment the wages which the employee was receiving at the time of the injury. The line of cases to which appellant argues these sections should be applied declare that when an industrial injury aggravates a preexisting condition the entire resulting disability is compensable. *Conway Convalescent Center* v. *Murphree*, 266 Ark. 985, 588 S.W.2d 462 (1979) and cases cited therein.

The flaw in this argument is that none of the cases in which we have applied the aggravation of preexisting condition rule has involved partial disability resulting from a scheduled injury or hernia. The application of that rule has been restricted to unscheduled injuries resulting in disability to the body as a whole which is governed by the language of § 81-1313(d), as follows:

> (d) Other cases: A permanent partial *disability* not scheduled in subsection (c) hereof shall be apportioned to the body as a whole, which shall have a value of 450 weeks, and there shall be paid compensation to the injured employee for the proportionate loss of use of the body as a whole resulting from the injury. [Emphasis supplied.]

The reference to "disability" in that section requires a reference to the statutory definition of that word and results in the measuring of those benefits by loss of earning capacity.

Our legislation, however, provides that benefits for injuries scheduled in § 81-1313(c) and for hernia be measured in an entirely different manner. Section 81-1313(c) provides that an employee who sustains a permanent *injury* as a result of an injury scheduled in that section shall be paid the designated portion of his average weekly wages for a specified number of weeks. Section 81-1313(e) provides that in *every* case of hernia the employer shall provide the necessary medical treatment and in addition pay compensation for the specified number of weeks. The word "disability" appears in neither section nor does either make

reference to loss of earning capacity.

Compensation for an injury scheduled in § 81-1313(c) is payable to the injured worker without regard to subsequent earning capacity. These benefits are awarded more in the nature of an indemnity for physical or functional loss and are payable whether the worker is employed or unemployed and irrespective of what his wages or earning capacity may be. *Lion Oil Company* v. *Reeves*, 221 Ark. 5, 254 S.W.2d 450 (1952). *See also* 99 C.J.S. *Workmen's Compensation* § 306 (1958). It is now well settled that for a scheduled injury, absent a finding of permanent total disability, the award is limited to the benefits provided for that scheduled injury. *Anchor Construction Co.* v. *Rice*, 252 Ark. 460, 479 S.W.2d 573 (1972); *Haygood* v. *Belcher*, 5 Ark. App. 127, 633 S.W.2d 391 (1982).

It is equally well settled that benefits in hernia cases are similarly limited to the benefits provided in § 81-1313(e). *Tibbs* v. *Dixie Bearings, Inc., supra; Smith* v. *Riceland Foods, supra; Jobe* v. *Capitol Products Corp., supra.* The issue of whether a finding of permanent total disability resulting from hernia might give rise to an award for permanent total disability under the rule announced in *McNeely* v. *Clem Mill & Gin Company*, 241 Ark. 498, 409 S.W.2d 502 (1966) was discussed but not decided in *Smith.*

We adhere to our ruling in *Tibbs*. As stated in *Jobe*, if it was intended that the provisions for permanent partial disability awards be applicable to scheduled injuries or hernia there would have been no necessity for providing for them in separate sections and different language. The legislature has convened on many occasions since the decision in *Jobe*. Had it determined that its result was harsh or the courts had misinterpreted the legislative intent, it might have said so by subsequent enactments. It has not done so.

Affirmed.

GLAZE and MAYFIELD, JJ., agree.