CARROLL GENERAL HOSPITAL *v.* Bobby GREEN

CA 95-1032                                                923 S.W.2d 878

Court of Appeals of Arkansas
Division I
Opinion delivered June 19, 1996

Bassett Law Firm, by: Curtis L. Nebben, for appellant.

Adams & Evans, by: Donald J. Adams, for appellee.

JOHN MAUZY PITTMAN, Judge. Carroll General Hospital appeals from a decision of the Arkansas Workers' Compensation Commission which found that the compensation benefits payable to appellee as a result of a hernia operation were not limited to twenty-six weeks as provided in the "hernia statute," Ark. Code Ann. § 11-9-523(b)(1) (Repl. 1996), and which found that appellee was entitled to additional temporary total disability benefits. Appellant argues that the Commission's failure to apply the limitation in § 11-9-523 is erroneous as a matter of law and that the award of additional benefits is not supported by substantial evidence. We find no error and affirm.

Appellee suffered a compensable bilateral inguinal hernia, which was surgically repaired by Dr. W. K. Flake on June 30, 1992. Dr. Flake released appellee to return to work without restriction on August 25, 1992. After working for five months, appellee began to have pain in his right groin. Dr. Flake stated that appellee's discomfort was due to a nerve that became entrapped during appellee's hernia surgery. When conservative measures did not relieve appellant's problems, Dr. Flake referred him to Dr. C. R. Magness. Appellant was also evaluated by Dr. E. Stahl. Dr. Stahl referred appellant to Dr. John F. Eidt at UAMS. Appellee was seen by other doctors who agreed with Dr. Flake's conclusions. On August 13, 1993, Dr. Eidt surgically repaired the entrapped nerve. Appellee then sought additional temporary total disability from August 20, 1993.

Compensation for hernia injuries may not exceed a period of twenty-six weeks. Ark. Code Ann. § 11-9-523(b)(1) (Repl. 1996). Appellant argues that the statute is applicable because appellee's entrapped nerve is related to his hernia and that there is no statutory provision for additional benefits for disability resulting from a hernia surgery. The Commission, in finding that the hernia statute was not applicable, stated that appellee's disability resulted from the hernia surgery and was "separate and distinct from the hernia." It held that

a disability resulting from "complications which are a consequence of the occurrence of the hernia but which are separate and distinct from the hernia itself" are not limited to a twenty-six week period as provided in § 11-9-523(b)(1).

■ The Arkansas Supreme Court has held that a severe or "slow to heal" hernia does not entitle a claimant to compensation benefits beyond the twenty-six week limitation. *Jobe* v. *Capitol Products Corp.*, 230 Ark. 1, 320 S.W.2d 634 (1959). However, if the hernia results in "complications," compensation beyond the twenty-six week limitation may be received. In *Jobe*, the court quoted the Commission, which held: "By 'complications' we mean infection, or damage to bodily organs or structures separated (sic) and distinct from the hernia itself..." *Id.*, 230 Ark. at 2.

Appellant urges us to reverse the Commission's decision based on our ruling in *Tibbs* v. *Dixie Bearings, Inc.*, 9 Ark. App. 150, 654 S.W.2d 588 (1983). There, the claimant required an additional surgery to remove silk sutures used in the surgery to repair his hernia. Because of the claimant's allergic reaction to the sutures which caused stitch infections, his hernia injury was slow to heal. We held that *Tibbs* was indistinguishable from *Jobe* and limited compensation to the twenty-six week period as provided in the hernia statute. We did so based in part on the medical evidence which did not reveal that the claimant's failure to heal promptly, because of complications from the hernia surgery, caused him to suffer "any greater disability than any other person sustaining a severe hernia injury," and that the claimant failed to prove any disability "separate and distinct from the hernia itself." *Id.*, 9 Ark. App. at 153.

We find *Tibbs*, *supra*, distinguishable from the case now before us. Unlike the claimants in *Jobe* and *Tibbs*, appellee's disability arose from a condition "separate and distinct" from the hernia injury itself, an entrapped nerve, and his failure to heal promptly was not related to the hernia but to damage to a "bodily structure" separate and distinct from the hernia. *Jobe*, 230 Ark. at 2.

■ Appellant also argues that our holding in *Tibbs* be interpreted as stating that the hernia statute precludes additional compensation for disability resulting from complications from a hernia surgery and is applicable to the case before us. However, in *Tibbs*, complications from the claimant's hernia surgery caused his *hernia*

*injury* to not heal promptly. Here, the medical evidence was that the entrapped nerve, *not the hernia,* caused appellee to be unable to work. Moreover, the Commission found that appellee's disability resulted from the nerve entrapment and not from the hernia. Therefore, we affirm the Commission's finding that compensation for appellee's disability is not limited by the hernia statute.

■■ Further, the Commission found that appellee's disability was from the hernia surgery and not from the hernia. Dr. David Bauer and Dr. Flake related appellee's condition to the surgery. When reviewing the sufficiency of the evidence to support a decision of the Workers' Compensation Commission, we view the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Commission's findings and will affirm if the Commission's decision is supported by substantial evidence. *Wright* v. *ABC Air, Inc.,* 44 Ark. App. 5, 864 S.W.2d 871 (1993). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.* The issue is not whether we might have reached a different result or whether the evidence would have supported a contrary finding; if reasonable minds could reach the Commission's conclusion, we must affirm its decision. *Cagle Fabricating & Steel, Inc.* v. *Patterson,* 42 Ark. App. 168, 856 S.W.2d 30 (1993). The Commission's findings on this issue are supported by substantial evidence.

Secondly, appellant argues that appellee's healing period, following the second surgery on August 23, 1993, ended before September 22, 1993, because Dr. Stahl stated that all objective testing was normal. The Commission found that the healing period ended on November 23, 1993, and awarded additional temporary total disability benefits from August 21, 1993, through November 23, 1993.

Appellant also argues that there is no evidence that appellee was unable to work subsequent to August 20, 1993, other than his own testimony, and thus he is not entitled to temporary total disability benefits subsequent to August 20, 1993.

■ Temporary total disability is that period within the healing period in which an employee suffers a total incapacity to earn wages. *J.A. Riggs Tractor Co.* v. *Etzhorn,* 30 Ark. App. 200, 785 S.W.2d 51 (1990). Arkansas Code Annotated § 11-9-102(13) (Supp. 1995) defines "healing period" as that period for healing of an

injury resulting from an accident.[1] The healing period continues until the employee is as far restored as the permanent character of his injury will permit, and if the underlying condition causing the disability has become stable and if nothing in the way of treatment will improve that condition, the healing period has ended. *Harvest Foods* v. *Washam*, 52 Ark. App. 72, 914 S.W.2d 776 (1996). The determination of when the healing period has ended is a factual determination for the Commission which is affirmed on appeal if supported by substantial evidence. *Id.*

Dr. Bauer's August 18, 1993, report said that appellee's entrapped nerve prevented appellee from working. On August 23, 1993, appellee had a second surgery for the entrapped nerve. Appellee testified that he has not worked anywhere since his August 23, 1993, surgery, has not been released to return to work, and did not think that he was able to perform his previous job with appellant. Appellee said that his right leg is weak and that he is unable to lift any weight or walk a significant distance. Although he helps his wife with some housework, he has to stop and rest.

Appellee continued to receive physical therapy and to be followed by Dr. Stahl after the second surgery. Dr. Stahl's September 22, 1993, report said that appellee was healing well and all objective testing was normal. Dr. Eidt's November 24, 1993, report stated that appellee continued to complain of pain in the right groin which affected his ability to walk and that appellee stated that he was unable to work. The Commission found, based on Dr. Eidt's report and appellee's testimony at the hearing, that the healing period ended on November 23, 1993. We cannot conclude that that finding is not supported by substantial evidence or that the Commission erred in awarding additional temporary total disability benefits.

Affirmed.

NEAL and STROUD, JJ., agree.

---

[1] The definition remained the same when the Workers' Compensation law was amended in 1993.