

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV-14-74

|  |  |
|---|---|
| SHILOH NURSING & REHAB, LLC, and WESCO INSURANCE COMPANY <br><br> APPELLANTS <br><br> V. <br><br> HEATHER LAWSON <br><br> APPELLEE | **Opinion Delivered** August 27, 2014 <br><br> APPEAL FROM THE ARKANSAS WORKERS' COMPENSATION COMMISSION [NO. G202407] <br><br><br> AFFIRMED |

## RHONDA K. WOOD, Judge

The Arkansas Workers' Compensation Commission awarded Heather Lawson additional medical treatment and temporary-total disability (TTD) benefits after she suffered a work-related back injury. Her employer, Shiloh Nursing & Rehab, appeals. We hold that substantial evidence supports both awards and affirm the Commission's decision.

Heather Lawson hurt her back at work in February 2012. At the time, she was a nurse working for Shiloh Nursing & Rehab. Shiloh agreed that Lawson's injury was compensable. Lawson would initially receive treatment from two doctors. First, Dr. Haws treated Lawson's back with heat, ultrasound, and an injection. He restricted Lawson from working. But when she didn't improve, he sent her to Dr. Moffitt.

Dr. Moffitt recommended therapy but allowed Lawson to return to work with restrictions. Lawson did return to work, but she was unable to finish an entire shift. After


she failed six attempts to complete a full day's work, Shiloh fired her. In the meantime, Dr. Moffitt ordered an MRI, which revealed a midline tear at the L5–S1 level on Lawson's spine. Dr. Moffitt prescribed three steroid injections and opined that Lawson reached maximum medical improvement in July 2012.

Lawson decided to get a second opinion from a neurosurgeon, Dr. Blankenship, who examined her in November 2012. Dr. Blankenship also diagnosed an annular tear at the L5–S1 level. He opined, however, that Lawson's treatment thus far (six physical therapy sessions) had been insufficient and recommended aggressive physical therapy and, possibly, another MRI. Shiloh challenged this recommended additional medical treatment as well as Lawson's claim for TTD benefits. These two issues were then presented to the Commission.

An administrative law judge (ALJ) reviewed the case first. After hearing testimony and examining the medical evidence, the ALJ made the following findings: (1) Lawson was entitled to additional medical treatment in the form of Dr. Blankenship's recommendations, and (2) Lawson was entitled to TTD benefits from November 12, 2012, to a date to be determined. Shiloh then appealed to the Commission, which affirmed and adopted the ALJ's opinion.

On appeal, we review the evidence in the light most favorable to the Commission's findings and affirm if those findings are supported by substantial evidence. *Wal-Mart Stores, Inc. v. Brown*, 82 Ark. App. 600, 120 S.W.3d 153 (2003). Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *Id.* The issue is not whether we might have reached a different result than the Commission, but

whether reasonable minds could reach the Commission's decision. *Pulaski Cnty. Special Sch. Dist. v. Tenner*, 2013 Ark. App. 569. When the Commission, as it did here, affirms and adopts the ALJ's opinion, we consider the ALJ's decision and the Commission's opinion together. *Bio-Tech Pharmacal, Inc. v. Blouin*, 2010 Ark. App. 714, 379 S.W.3d 594.

The first issue is whether substantial evidence supports the Commission's decision to award additional medical treatment. Under Ark. Code Ann. § 11-9-508(a) (Repl. 2012), "the employer shall promptly provide for an injured employee such medical . . . services . . . as may be reasonably necessary in connection with the injury received by the employee." The employee must prove by a preponderance of the evidence that medical treatment is reasonable and necessary. *Butler v. Lake Hamilton Sch. Dist.*, 2013 Ark. App. 703, 430 S.W.3d 831. What constitutes reasonable and necessary medical treatment is a question of fact for the Commission. *Id.*

Here, the Commission's decision to award Lawson additional medical treatment was based on Dr. Blankenship's recommendations that she receive aggressive physical therapy and possibly another MRI. The Commission's decision essentially turned on which physician's opinion it found more credible.[1] The Commission chose to give more weight to Dr. Blankenship's opinion than to Dr. Moffitt's opinion. It made this decision, in part, because Dr. Blankenship is a neurosurgeon and specializes in spinal injuries, whereas Dr. Moffitt is a generalist. Resolving the conflicting medical evidence, making credibility determinations, and deciding what weight to give to particular pieces of

---

[1]Indeed, the lone dissenting Commissioner noted that "the issue of additional benefits primarily turns on which medical opinion should be given more weight in this matter."

evidence is within the Commission's province. *Adams v. Bemis Co.*, 2010 Ark. App. 859. We affirm on this point because the Commission's reliance on Dr. Blankenship's recommendations forms a substantial basis to award Lawson additional medical treatment.

There was also some evidence that Dr. Blankenship made an additional diagnosis that Lawson had "some mild segmental instability at the lumbosacrum." Shiloh argues that this additional finding is not supported by objective medical findings and is not connected to her work injury. But this argument is a red herring. Dr. Blankenship recommended physical therapy because of Lawson's annular tear, which is something that the ALJ specifically noted in the opinion. The ALJ stated that "Dr. Blankenship went on to indicate that [Lawson] had not undergone sufficient physical therapy for an annular tear and it was his recommendation that claimant should undergo an active, aggressive physical therapy program." It was this medical opinion that formed the basis for the additional-medical-treatment award. Thus, whether Lawson had segmental instability, in addition to an annular tear, is irrelevant.

The second issue is whether Lawson is entitled to TTD benefits from November 2012 to a date to be determined. When an injured employee is totally incapacitated from earning wages and remains within her healing period, she is entitled to temporary-total disability. *Riggs v. B & S Contractors, Inc.*, 2010 Ark. App. 554, 377 S.W.3d 466. The healing period continues until the employee is as far restored as the permanent character of her injury will permit, and it ends when the underlying condition causing the disability has become stable and nothing in the way of treatment will improve that condition. *Carroll Gen. Hosp. v. Green*, 54 Ark. App. 102, 923 S.W.2d 878 (1996). The

determination of when the healing period has ended is a factual determination for the Commission. *Id.*

The Commission decided to award TTD benefits based, again, on Dr. Blankenship's recommendations. According to Dr. Blankenship, Lawson had yet to reach maximum medical improvement because she still needed physical therapy; further, he stated that he would prefer Lawson to focus on "recovery . . . rather than work." Thus, there is a medical opinion that Lawson has yet to heal and cannot earn wages. Shiloh contends that Lawson was not entitled to TTD benefits because Dr. Moffitt opined that Lawson had reached maximum medical improvement in July 2012. But, as we noted above, the Commission, as finder of fact, chose to give greater weight to Dr. Blankenship's opinion. The Commission's TTD award is supported by substantial evidence, and we affirm.

Affirmed.

HARRISON and GRUBER, JJ., agree.

*Friday, Eldredge & Clark, LLP*, by: *Guy Alton Wade*, for appellants.

*Niblock Law Firm, PLC*, by: *Raymond L. Niblock*, for appellee.