

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV–15–32

CATHERINE KUAKAHELA
APPELLANT

V.

ROSE AIRCRAFT SERVICES, INC. and
AIG CLAIMS, INC.
APPELLEES

Opinion Delivered  May 27, 2015

APPEAL FROM THE ARKANSAS
WORKERS' COMPENSATION
COMMISSION [NO. G301461]

REVERSED AND REMANDED

## PHILLIP T. WHITEAKER, Judge

Catherine Kuakahela appeals a decision by the Arkansas Workers' Compensation Commission (Commission). The Commission denied her request for psychological treatment, finding no evidence of a diagnosis by a licensed psychiatrist or psychologist. We reverse the Commission's decision and remand for a determination of compensability. Because there was evidence in the record that Ms. Kuakahela's diagnosis had been reviewed and approved by both a licensed psychiatrist and a psychologist, the Commission's factual finding was clearly erroneous, and its decision was not supported by substantial evidence.

When we review a decision of the Workers' Compensation Commission, we view the evidence and all reasonable inferences deducible therefrom in the light most favorable to the findings of the Commission and affirm that decision if it is supported by substantial evidence. *Clark v. Peabody Testing Serv.*, 265 Ark. 489, 579 S.W.2d 360 (1979); *Crossett Sch. Dist. v. Gourley*, 50 Ark. App. 1, 899 S.W.2d 482 (1995). Substantial evidence is such relevant

evidence as a reasonable mind might accept as adequate to support a conclusion. *Carroll Gen. Hosp. v. Green*, 54 Ark. App. 102, 923 S.W.2d 878 (1996); *Wright v. ABC Air, Inc.*, 44 Ark. App. 5, 864 S.W.2d 871 (1993). We do not reverse a decision of the Commission unless we are convinced that fair-minded persons with the same facts before them could not have arrived at the conclusion reached by the Commission. *Milligan v. West Tree Serv.*, 57 Ark. App. 14, 941 S.W.2d 434 (1997); *Willmon v. Allen Canning Co.*, 38 Ark. App. 105, 828 S.W.2d 868 (1992). With these standards in mind, we will now consider the evidence before the Commission.

In February 2013, Ms. Kuakahela sustained an admittedly compensable injury to her head during the course and scope of her employment with Rose Aircraft Services. She received medical services for this compensable injury, which included emergency hospitalization, diagnostic testing of her head and neck, prescriptive medications, physical therapy, and neurological testing and treatment.

Neurologically, Ms. Kuakahela was treated by Dr. Tonya Phillips. In May 2013, Dr. Phillips indicated that Ms. Kuakahela's exam was normal from a neurological standpoint, but that there might be some degree of postconcussive syndrome. She also indicated that there appeared to be a "significant psychological overlay and anxiety" contributing to her symptoms. Dr. Phillips opined that Ms. Kuakahela needed to be seen by a psychiatrist, but would leave that determination to workers' compensation. In July 2013, Dr. Phillips again indicated that there was "a significant psychological overlay" to her symptoms and that she

should be evaluated by a psychiatrist. Dr. Phillips stated that Ms. Kuakahela's head injury was mild and that her psychiatric issues appeared to be her biggest issue.

Ms. Kuakahela's psychiatric issues also concerned her primary care physician, Dr. Richard Lochala. He diagnosed her with post-traumatic stress disorder (PTSD) and depression and ordered his office to coordinate a referral to a psychiatrist.

Rose Aircraft Services controverted Ms. Kuakahela's requests for a psychiatric referral. As a result, Ms. Kuakahela obtained her own psychiatric evaluation from Western Arkansas Counseling and Guidance Center. Ashley George, a licensed counselor, provided the initial evaluation and treatment plan, which was reviewed and approved by Dr. Kevin Price, a physician associated with the mental health facility, as well as the clinical supervisor, Dr. Rachel Hopper, PhD. Ms. George diagnosed Ms. Kuakahela with PTSD and recommended individual treatment sessions.

Ms. Kuakahela subsequently made a claim with the Arkansas Workers' Compensation Commission for her psychological treatment. After a hearing, the administrative law judge (ALJ) rejected that relief, finding that there was no evidence that Ms. Kuakahela's psychological injury had been diagnosed by a licensed psychiatrist or psychologist.[1] The Commission affirmed and adopted the ALJ's findings.

On appeal, Ms. Kuakahela challenges the sufficiency of the evidence supporting the Commission's finding that there was no evidence that her psychological injury had been

---

[1]Ms. Kuakahela had also requested that her hospital stay from September 17, 2013, to September 21, 2013, be covered as related to her compensable injury. The ALJ denied her claim. This determination was affirmed and adopted by the Commission. Ms. Kuakahela did not appeal denial of these benefits; therefore, it is not an issue on appeal.

diagnosed by a licensed psychiatrist or psychologist. Arkansas Code Annotated section 11-9-113 (Repl. 2012) requires that Ms. Kuakahela prove that a licensed psychiatrist or psychologist diagnosed her with a DSM-IV condition and that her condition and need for treatment were caused by her compensable injury. Here, the Commission found that, while a licensed counselor and a neurologist had diagnosed Ms. Kuakahela with a psychological disorder, there were no reports from either a licensed psychiatrist or a licensed psychologist indicating any type of diagnosis or treatment plan as required by the statute. The Commission, however, failed to acknowledge that the licensed counselor's diagnosis and treatment plan had been reviewed and approved by both Dr. Price and Dr. Hopper—the staff physician and clinical supervisor of the mental health facility[2]—or to indicate why Dr. Price's and Dr. Hopper's approval of the diagnosis and treatment plan would not suffice under the statute. Because there was evidence in the record that Ms. Kuakahela had been diagnosed with a psychological injury by a mental health professional as required by the statute, we reverse and remand for a determination of compesability.

Reversed and remanded.

KINARD and HOOFMAN, JJ., agree.

*Medlock, Gramlich & Sexton, LLP*, by: *Michael Ellig*, for appellant.

*Worley, Wood & Parrish, P.A.*, by: *Jarrod S. Parrish*, for appellees.

---

[2]We note that the dissenting commissioner affirmatively stated in his opinion that Dr. Price is a licensed psychiatrist and Dr. Hopper is a licensed psychologist. Given their respective positions at a mental health facility, we find this is a logical inference. We further note that Rose Aircraft Services never specifically challenged Dr. Price's or Dr. Hopper's qualifications to make this diagnosis under the statute; nor did it place Ms. Kuakahela on notice that their qualifications as either a licensed psychiatrist or psychologist were being challenged.

SLIP OPINION