Tommy GUY *v.* BREEKO CORPORATION and Cigna Insurance Company

92-629                                        832 S.W.2d 816

Supreme Court of Arkansas
Opinion delivered June 29, 1992

*Anthony W. Bartels*, for appellant.

*Richard Andrew Lusby*, for appellee.

PER CURIAM. This is a workers' compensation case. The Court of Appeals affirmed the decision of the Arkansas Workers' Compensation Commission that petitioner's permanent impairment equaled seven and one-half percent of the lower extremity and his healing period ended in September 1989. The Court of Appeals found substantial evidence in the record to affirm the

Commission, noting that the Commission explained why it gave greater weight to the anatomical rating assigned by Dr. Carnesale than by Dr. Lopez. Dr. Carnesale's estimate was seven and one-half percent of the lower extremity whereas Dr. Lopez's was thirty-nine percent. The reason was that Dr. Carnesale was the treating physician who also performed the surgery on petitioner's knee, whereas Dr. Lopez saw petitioner only once, and only for the purpose of evaluation.

In his petition for review petitioner points out that the Administrative Law Judge gave a rating of twenty percent and maintains that this case is thereby distinguishable from *Scarbrough* v. *Cherokee Enterprises*, 306 Ark. 641, 816 S.W.2d 876 (1991), where we said due process was not implicated as to issues of credibility where there is no disagreement between the ALJ, the Commission and the Court of Appeals with respect to the factual issues of the case. Here, petitioner argues, unlike *Scarbrough*, the ALJ was reversed by the Commission. That is true, but this is not a case dependent on an issue of credibility. The dispute simply involved conflicting medical evaluations of the percentage of a partial anatomical impairment, an *opinion* in which variable factors are weighed depending on the viewpoint of the particular expert. Moreover, the medical evaluations in this case were entirely in the form of written reports and depositions, no live medical testimony was presented to the ALJ.

Petition denied.