FEDERAL COMPRESS & WAREHOUSE CO. *v.* Johnny
RISPER

CA 96-78                                            935 S.W.2d 279

Court of Appeals of Arkansas
Division III
Opinion delivered December 18, 1996

*Walter A. Murray*, for appellant.

*Paul J. Teufal*, for appellee.

JOHN B. ROBBINS, Judge. Appellant Federal Compress & Warehouse Company appeals from a decision of the Workers' Compensation Commission which held that appellee Johnny Risper was entitled to a ten percent permanent impairment rating to his right eye and twenty percent wage-loss disability benefits to the body as a

whole. Appellant contends on appeal that the Commission's opinion is not supported by substantial evidence, specifically arguing that the Commission erred as a matter of law in considering wage-loss disability as it related to appellee's scheduled eye injury.

The evidence indicated that on November 26, 1990, appellee sustained an admittedly compensable injury when he was hit from behind by a cotton bale and became trapped between two bales. Appellee sustained fractures in his neck and suffered an orbital blowout to his right eye. He underwent two surgical procedures to repair his right eye and the surrounding bone. Several eye specialists who treated appellee opined that he had tenderness to the orbital rim; depressed vision fields; enophthalmus (the eye sits back in the socket); diplopia (double vision); esotropia (eye turns inward); and ptosis (drooping of the upper eyelid).

Appellee's eye injury and the resulting impairment falls under the scheduled permanent injury category as set forth in Ark. Code Ann. § 11-9-521 (Repl. 1996). That section provides in part:

> (a) An employee who sustains a permanent compensable injury scheduled in this section shall receive, in addition to compensation for temporary total and temporary partial benefits during the healing period or until the employee returns to work, whichever occurs first, weekly benefits in the amount of the permanent partial disability rate attributable to the injury, for that period of time set out in the following schedule[.]
>
> . . . .
>
> (14) Eye enucleated, in which there was useful vision, one hundred five (105) weeks;
>
> . . . .
>
> (f) Compensation for permanent partial loss or loss of use of a member shall be for the proportionate loss or loss of use of the member.

■ The test of whether or not an injury falls within the scheduled injury category is primarily a question of law. *See Taylor v. Pfeiffer PLBG & HTG Co.*, 8 Ark. App. 144, 648 S.W.2d 526 (1983). We have held that partial permanent impairments to the eyes come within the scheduled injury category as set out above in

Ark. Code Ann. § 11-9-521(f), and that claimants are limited to the scheduled benefits. E.g., *Hampton & Crain v. Black*, 34 Ark. App. 77, 806 S.W.2d 21 (1991); *Emerson Elec. Co. v. Powers*, 268 Ark. 920, 597 S.W.2d 111 (Ark. App. 1980). Our prior cases have been very clear in holding that a claimant who sustains a scheduled injury is limited to the applicable allowances set forth in Ark. Code Ann. § 11-9-521, and such benefits cannot be increased by considering wage-loss factors absent a finding of permanent total disability. *Anchor Const. Co. v. Rice*, 252 Ark. 460, 479 S.W.2d 573 (1972); *Taylor v. Pfeiffer PLBG & HTG Co.*, *supra*; *Haygood v. Belcher*, 5 Ark. App. 127, 633 S.W.2d 391 (1982).

The Commission in this case held that the appellee was entitled to benefits for a permanent anatomical impairment of ten percent to the right eye and awarded him wage-loss disability benefits of twenty percent to the body as a whole. When discussing wage-loss the Commission stated:

> [w]e find that claimant has proven by a preponderance of the evidence that he is entitled to benefits for wage loss disability.
>
> At the time of the most recent hearing, claimant was 50 years old. He has a third grade education and his job duties included operating equipment such as forklift or simply pulling levers for a cotton compress; painting; stacking lumber; loading and unloading trucks and boxcars; and general maintenance and other housekeeping chores. Claimant sustained compensable injuries, which caused the above noted impairments to his right eye, as well as to the cervical and thoracic spine. He experiences difficulty raising his arms; problems sleeping; and physical discomfort, which requires prescription pain medication and muscle relaxants. His daily activities are very limited as a result of the continued difficulties with his right eye and cervical and thoracic spine.
>
> . . . .
>
> Based on the above evidence, we find that claimant has proven by a preponderance of the evidence that he is entitled to benefits for wage loss disability in an amount equal to 20% to the body as a whole.

It appears from the Commission's opinion that it may have considered the appellee's eye injury when determining the amount

of wage-loss benefits to which appellee was entitled. As pointed out above, because the appellee's eye injury is scheduled, that injury could not and should not have been considered when determining appellee's wage-loss benefits. *See Clark* v. *Shiloh Tank and Erection Company and Hartford Insurance Company*, 259 Ark. 521, 534 S.W.2d 240 (1976).

We vacate the Commission's opinion and remand for the Commission to determine the extent of wage-loss benefits to which appellee may be entitled without giving consideration to his scheduled eye injury or his noncompensable lumbar injury, which may also have been considered to some extent.

Reversed and remanded.

ROGERS and GRIFFEN, JJ., agree.