## Cecil W. SMITH *v.* ALUMINUM COMPANY OF AMERICA

CA 01-645                                    76 S.W.3d 909

Court of Appeals of Arkansas
Division III
Opinion delivered June 5, 2002

*Kaplan, Brewer, Maxey & Haralson, P.A.*, by: *Silas H. Brewer, Jr.*, for appellant.

*Rose Law Firm*, by: *Phillip Carroll*, for appellee.

JOHN B. ROBBINS, Judge. In this workers' compensation case, the Commission originally awarded benefits to appellant Cecil C. Smith for work-related hearing loss, finding that his claim was not barred by the statute of limitations. ALCOA appealed from that decision, and on June 16, 1999, we delivered an unpublished opinion reversing and remanding for additional findings of fact and conclusions of law consistent with the recent supreme court case, *Minnesota Mining & Mfg. v. Baker*, 337 Ark. 94, 989 S.W.2d 151 (1999). In that case, our supreme court held that the two-year statute of limitations applies to work-related, noise-induced hearing loss and begins to run when the hearing loss becomes apparent to the claimant.

On remand, the Commission found that, in light of the holding in *Minnesota Mining & Mfg. v. Baker, supra*, Mr. Smith's claim was barred by the statute of limitations because a May 31, 1990, audiogram indicated that all of his hearing impairment had developed and become apparent to him by that date, and his claim was not filed until March 2, 1993. Mr. Smith appealed from that decision, arguing that the Commission's finding that his claim is time-barred is not supported by substantial evidence. Mr. Smith also argued that the Commission erroneously declined to consider his estoppel argument, and that ALCOA should have been estopped from asserting the limitations period as a defense.

On February 13, 2002, we delivered our second unpublished opinion in this case. In that opinion, we agreed with Mr. Smith that his estoppel argument had been raised before the ALJ and was thus preserved for his appeal to the Commission. We thus remanded this case to the Commission for resolution of the estoppel issue, and we did not reach the sufficiency argument pertaining to the statute of limitations.

After the second remand, the Commission issued an order rejecting the merits of Mr. Smith's estoppel argument. Specifically, it found that ALCOA made no false or misleading statements and that, in any event, Mr. Smith did not demonstrate any reliance on any of ALCOA's conduct in his failure to timely file a workers' compensation claim. Based on those findings the Commission ruled that Mr. Smith failed to establish that ALCOA is estopped from raising the statute of limitations as a defense. Now, in this third appeal, we reach the merits of Mr. Smith's arguments that the Commission erred in finding that ALCOA is not estopped from relying on the statute of limitations, and that the statute of limitations bars his claim. We affirm.

We first address Mr. Smith's argument that the two-year limitations period did not expire prior to the filing of his claim. For this proposition, he argues that the limitations period in workers' compensation cases does not begin to run until the injury becomes apparent and the claimant knows or, by the exercise of reasonable diligence, should discover the causal connection between the injury and his employment. In its opinion, the Commission found that because Mr. Smith was aware of his hearing loss when being given such information on May 31, 1990, the statute of limitations started running and expired before he filed his claim on March 2, 1993. The Commission specifically found that the only inquiry in assessing ALCOA's statute-of-limitations defense is when the hearing loss became apparent to Mr. Smith, and not when he became aware of the work-related nature of the hearing loss. Mr. Smith contends that the Commission applied the incorrect test, and further argues that the limitations period was tolled because although he was aware of his hearing loss more than two years before he filed his claim, he was not aware of the fact that it was work-related.

We are bound by our supreme court's holding in *Minnesota Mining & Mfg. v. Baker, supra,* to reject Mr. Smith's first argument. The supreme court held in that case that the limitations period for work-related, noise-induced hearing loss begins to run when the hearing loss becomes apparent to the claimant. A claimant's awareness that his hearing loss is causally related to the working environment was not announced as an element of the

inquiry. We are bound to follow the decisions of our supreme court. *Scott v. State*, 69 Ark. App. 121, 10 S.W.3d 476 (2000). Pursuant to the precedent set in *Minnesota Mining & Mfg. v. Baker, supra,* the statute of limitations in this case began to run when Mr. Smith became aware of his hearing loss. Because it is undisputed that he was made aware of his hearing loss more than two years before he filed his claim, the Commission correctly ruled that his claim was time-barred.

Mr. Smith's remaining argument is that the Commission erred in rejecting the merits of his estoppel argument.[1] Mr. Smith asserts that ALCOA should be estopped from asserting the statute of limitations as a defense because of ambiguous and misleading communications by ALCOA. He submits that ALCOA had reason to believe that his hearing loss was work-related, but in their May 31, 1990, letter to him it was not represented that his hearing loss was caused by his work. Instead, it was suggested that other sources may have contributed to his hearing loss. Mr. Smith argues that his delay in filing his workers' compensation claim was the result of ALCOA's misrepresentations.

■ ■ We hold that the Commission did not err in finding the doctrine of estoppel to be inapplicable to this case. There are four necessary elements of equitable estoppel:

> (1) the party to be estopped must know the facts; (2) the party to be estopped must intend that his or her conduct be acted on or must so act that the party asserting the estoppel had a right to believe it was so intended; (3) the latter must be ignorant of the true facts; and (4) must rely on the former's conduct to his or her injury.

*Miller County v. Opportunities, Inc.,* 334 Ark. 88, 96, 971 S.W.2d 781, 786 (1998). Mr. Smith testified that he did not remember receiving or reviewing any documents containing the alleged misrepresentations, and he failed to assert any reason for failing to file

---

[1] The Commission's order addressing appellant's estoppel argument is not contained in the addendum of his brief as required by Arkansas Supreme Court Rule 4-2(a)(7). However, the order is in the supplemental record. We are authorized to go to the record to affirm, *Hosey v. Burgess,* 319 Ark. 183, 890 S.W.2d 262 (1995), and we do so in this instance.

his claim before March 2, 1993. Furthermore, Mr. Smith did not testify that he was in any way misled by ALCOA as to either the cause or severity of his hearing loss. We hold that there was substantial evidence to support the Commission's finding that Mr. Smith failed to demonstrate that he relied on ALCOA's conduct to his injury.

Affirmed.

BAKER, J., agrees.

PITTMAN, J., concurs.