Robert J. Gladwin, Judge, dissenting. I concur with the majority that the Commission retains jurisdiction to determine the dual-employment issue and that Welspun Pipes, Inc., is a dual employer of appellant. However, I dissent from the holding that substantial evidence supports the Commission’s finding that Welspun Pipes, Inc., and Welspun Tubular, LLC, are a single entity. I would reverse the dual-employment finding as it relates to Welspun Tubular, LLC. |12The issue on appeal is not whether there is evidence that could support a different finding. Minn. Mining & Mfg. v. Baker, 337 Ark. 94, 989 S.W.2d 151 (1999). Rather, the substantial-evidence standard of review requires this court to affirm if the Commission’s opinion displays a substantial basis for its decision. Reed v. Turner Indus., 2015 Ark. App. 43, 454 S.W.3d 237. As a result, the question for this court is singular and narrow in scope, whether the record contains substantial evidence to support the Commission’s determination. If so, this court must affirm the Commission’s decision. See Wright v. Conway Freight, 2014 Ark. App. 451, 441 S.W.3d 45. However, we heed the advice that “we must remain mindful that although we review the evidence in the light most favorable to the Commission’s findings, our function on appeal is not merely to rubber stamp the Commission’s decisions.” Sapp v. Phelps Trucking, Inc., 64 Ark. App. 221, 226, 984 S.W.2d 817, 820 (1998) (Neal, J., dissenting). In this case, Welspun Pipes, Inc., and Welspun Tubular, LLC, sought to intervene and requested a determination that each company was a “dual employer” of appellant, and therefore, protected from a third-party civil suit. Prior to the hearing, Welspun’s attorneys were asked to clarify which Welspun entity claimed to be the dual employer, and their response was that both entities were dual employers. However, the staffing-services agreement introduced without objection indicates that only Welspun Pipes, Inc., was a party to the contract with Manpower. This is significant with respect to Welspun Tubular, LLC. There is no written agreement between Manpower and Welspun Tubular, LLC, and therefore, no contractual agreement for the LLC to seek shelter from the civil-suit claim. 11sThe intervenors’ only witness, Martin Cain, testified that Welspun Tubular, LLC, “is the same company” as Welspun Pipes, Ine., but he was unable to testify exactly how it was the same. He explained that “it started out” as Welspun Pipes, Inc., and then somehow converted years later to Welspun Tubular, LLC. There was no documentation to support his comments. Corporations and limited liability companies are created and dissolved by statute. No one contests that there were two separate companies. In fact, the majority and the Commission completely ignore the fact that pleadings filed in this case by the “Welspun” attorneys acknowledge that they are separate entities. It defies basic legal principles that these two entities are the “same” company; they are not. Ark. Code Ann. §§ 4-27-101 et seq. (Repl. 2016); Ark. Code Ann. §§ 4-32-101 et seq. (Repl. 2016). Finally, even the ALJ’s prehearing order referred to only Welspun Pipes, Inc. In her opinion, the ALJ stated: “I realize the claimant attempted to make a distinction between Welspun Pipes and Welspun Tubular; however, he failed to present any evidence whatsoever demonstrating that these two entities are not one in the same.” The ALJ improperly shifted the burden of proof to the claimant on this issue. As stated earlier, the pleadings filed in this case admit that there are two Welspun entities—one a corporation and one a limited liability company. If they had merged, as seemingly suggested by Mr. Cain, prior to appellant’s injury, there would have been no need for respondents to seek any type of exclusive-remedy protection for Welspun Pipes, Inc., from appellant’s claim. Mr. Cain only detracted further from the Welspun entities’ argument when he also claimed that his own paycheck and his W-2 only said “Welspun” and did not contain his | Mcompany’s full name. Welspun Tubular, LLC, has the burden of proving by substantial evidence that it was a dual employer of appellant—it cannot just simply keep referring to itself as “Welspun” and make it so. In short, Welspun Tubular, LLC, has not shown any credible evidence that it was, in fact, an employer, dual or otherwise, with respect to appellant, or that it provided him with workers’-compensation insurance coverage. The evidence is to the contrary, and Welspun Tubular, LLC, has failed to meet its burden. Virden, J., joins.