SEARCY INDUSTRIAL LAUNDRY, INC.,
and Mid-Century Insurance Company  *v.*
Sharon FERREN

CA 05-55                                         211 S.W.3d 11

Court of Appeals of Arkansas
Opinion delivered June 22, 2005

*Huckabay, Munson, Rowlett & Moore, P.A.*, by: *Carol Lockard Worley* and *Jarrod S. Parrish*, for appellants.

*The Zan Davis & McNeely Law Firm PLLC*, by: *Steven R. McNeely*, for appellee.

OLLY NEAL, Judge. Appellants, Searcy Industrial Laundry, Incorporated and Mid–Century Insurance Company, appeal from a decision of the Arkansas Workers' Compensation Commission (Commission) awarding appellee Sharon Ferren additional temporary-total-disability benefits. On appeal, appellants argue that appellee's claim for temporary-total-disability benefits was barred by the doctrine of collateral estoppel. They argue, in the alternative, that appellee failed to prove entitlement to temporary-total-disability benefits. We affirm.

On January 13, 2000, appellee sustained an admittedly compensable injury to her back. Four months later, appellee began complaining of a possible cervical-spine injury. Appellants controverted the injury to appellee's cervical spine. The administrative law judge (ALJ) found that appellee had failed to prove by a preponderance of the evidence that she sustained a compensable injury to her cervical spine. The Commission reversed the decision of the ALJ, finding that appellee proved a compensable neck injury by a preponderance of the evidence. Appellants appealed the decision to our court. In *Searcy Industrial Laundry Inc. v. Ferren*, 82 Ark. App. 69, 110 S.W.3d 306 (2003), we affirmed the decision of the Commission.

Thereafter, appellee filed a claim for additional temporary-total- disability benefits for the period of June 7, 2000, to March 19, 2003. Appellants argued that the claim was barred by the doctrine of *res judicata*. The ALJ found that the claim was barred. The Commission reversed, finding that the issue of entitlement to temporary-total-disability benefits had not been litigated during the previous proceedings. From that decision comes this appeal.

Appellants argue that appellee's claim for temporary-total-disability benefits is barred by the doctrine of collateral estoppel. In support of their argument, appellants raise the following subpoints: (1) appellee is impermissibly seeking to relitigate her claim to temporary-total-disability benefits despite the fact that the same issue was presented and decided upon before; (2) appellee's claim for temporary-total-disability benefits was fully litigated during the hearing, the appeal to the Commission, and the appeal to this court; (3) once affirmed by this court, the Commission's decision after conducting *de novo* review became a final ruling and is therefore *res judicata*; (4) no matter what the current position of the Commission is, its original award of benefits to the appellee is final and represents the law of the case for *res judicata* purposes.

■ Collateral estoppel, also known as issue preclusion, bars relitigation of issues of law or fact previously litigated by a party. *Johnson v. Union Pac. R.R.*, 352 Ark. 534, 104 S.W.3d 745 (2003). The elements of collateral estoppel are: (1) the issue sought to be precluded must be the same as that involved in the prior litigation; (2) the issue must have been actually litigated; (3) it must have been determined by a valid and final judgment; (4) the determination must have been essential to the judgment. *Id.* Collateral estoppel is applicable to decisions of the Workers' Compensation Commission. *See Craven v. Fulton Sanitation Serv., Inc.*, 361 Ark. 390, 206 S.W.3d 842 (2005).

In finding that the appellee's claim was not barred the Commission wrote the following:

> In the present matter, the Full Commission finds that the administrative law judge was correct in finding that the claimant is making the same claim for additional temporary total disability compensation for the exact time frame, based on the same circumstances, as were requested at the hearing in March of 2001. However, we do not find that the claim is barred by the doctrine of *res judicata* because although the prior administrative law judge found in his opinion of March 28, 2001, that the claimant's neck injury was not causally related to her compensable back injury, he did not reach the issue of additional temporary total disability compensation once he found the neck injury not to be a compensable injury. Moreover, we note that once the case was appealed to the Full Commission and the Arkansas Court of Appeals, they did not adjudicate, and nor did they address the issue of temporary total disability compensation. As such, we find that the claimant has not had an opportunity to litigate her entitlement to additional temporary total disability compensation. Therefore, we further find that the doctrine of *res judicata* does not preclude the claimant from claiming entitlement to additional temporary total disability compensation from June 7, 2000, through March 19, 2003.

■ We agree with the Commission's findings. Therefore, we hold that appellee's claim was not barred by the doctrine of collateral estoppel.

■ In the alternative, appellants argue that appellee failed to prove entitlement to temporary-total-disability benefits. Temporary-total-disability is that period within the healing period in which an employee suffers a total incapacity to earn wages. *K II*

*Constr. Co. v. Crabtree,* 78 Ark. App. 222, 79 S.W.3d 414 (2002). When an injured employee is totally incapacitated from earning wages and remains in his healing period, he is entitled to temporary-total-disability. *Id.* The healing period ends when the employee is as far restored as the permanent nature of his injury will permit, and if the underlying condition causing the disability has become stable and if nothing in the way of treatment will improve that condition, the healing period has ended. *Id.* The determination of when the healing period has ended is a factual determination for the Commission and will be affirmed on appeal if supported by substantial evidence. *Poulan Weed Eater v. Marshall,* 79 Ark. App. 129, 84 S.W.3d 878 (2002). These are matters of weight and credibility, and thus lie within the exclusive province of the Commission. *Id.*

We hold that the Commission's finding that appellee's healing period had not ended is supported by substantial evidence. Appellee testified that, following her accident, she went back to work the following Monday and worked the entire week. During that time, due to pain, appellee also saw her doctor. The following week, appellee was only able to work two days and her doctor took her off work. Appellee testified that she was initially paid temporary-total-disability benefits through June 7, 2000. She said that she began receiving benefits again in March 2003. Appellee testified that from June 7, 2000, to March 14, 2003, she was unable to work. She said that she had not worked since the accident.

The medical evidence further established that appellee was in her healing period. In a letter dated April 23, 2001, Dr. John Wilson states that, due to pain, appellee had not been released to work. A letter dated November 11, 2003, further indicates that appellee was still in her healing period. Because appellee has yet to be released to work she remains in her healing period. Accordingly, the Commission did not err when it awarded appellee additional temporary-total-disability benefits.

Affirmed.

BAKER, J., agrees.

GLADWIN, J., concurs.