2010 Ark. App. 142

**MACK–REYNOLDS APPRAISAL COMPANY, Appellant**

v.

**Robert MORTON, Appellee.**

**No. CA 09–472.**

Court of Appeals of Arkansas.

Feb. 11, 2010.

Andy L. Caldwell, Caldwell Law Firm, Little Rock, Evelyn E. Brooks, Tolley & Brooks, Fayetteville, for Appellants.

COURTNEY HUDSON HENRY, Judge.

Appellant Mack–Reynolds Appraisal Company appeals the decision of the Arkansas Workers' Compensation Commission finding that appellee Robert Morton sustained a work-related injury and awarding him benefits for medical treatment and temporary total disability. For reversal, appellant challenges the Commission's findings regarding compensability of the injury and the award of temporary total benefits. Appellant also claims error in the administrative law judge's ruling excluding certain evidence that appellant offered at the hearing. We affirm the Commission's decision.

Appellee, age sixty-one, worked for appellant as a field appraiser. His job entailed on-site inspections of residential properties to verify the accuracy of information contained in real estate records. Appellee filed a claim for benefits asserting that he sustained an injury to his lower back at work on August 8, 2007, while inspecting a home located in a Cabot subdivision. He sought payment for medical treatment and for temporary total disability benefits to a date yet to be determined. Appellant controverted appellee's claim in its entirety. Appellant alleged that appellee did not sustain a specific injury identifiable by time and place of occurrence. Appellant also asserted that appellee was not entitled to temporary total benefits because appellee could have returned to work at light duty as a soil coder.

At the hearing before the law judge, appellee testified that, as he was using a wheel to measure the length of a residential property, he jarred his back when he abruptly stepped off a sidewalk that was not level to the ground. Appellee stated that, although he felt a "thump," he experienced no immediate onset of pain but that, within twenty to thirty minutes, he began to feel pain in his lower back that radiated down his right leg. He said that, within an hour, he had difficulty entering and exiting his vehicle.

Appellee further testified that he resided in Marshall but that he was staying in Lonoke at the time with a co-worker, Larry Taylor, in a home provided by appellant. He said that he told Taylor about the injury that evening after work.[1] The next morning, appellee reported the injury to his supervisor, Josh Cantrell.

Appellee also testified that he was not able to arrange an appointment with his family physician in Harrison, so he saw a chiropractor on August 10, 2007. The chiropractor referred appellee to Dr. Roy Lee, who operates a walk-in clinic in Harrison. Appellee underwent an MRI on August 23, 2007, from which Dr. Lee diagnosed an extreme lateral disc herniation at L3–4. Dr. Lee referred appellee to a neurosurgeon, whose proposed treatment included epidural steroid injections. However, appellee did not receive this or any other treatment in light of appellant's denial of workers' compensation liability.

Appellee testified that he cannot walk or sit for any length of time and that his back continues to be painful, although the pain is not as intense as it was initially. He said that he has not been able to work since the accident. Appellee admitted, however, that he filed as a candidate for the office of county assessor in Searcy County on March 10, 2008. He also stated that he did not ask to return to work at light duty and that he was not offered a position at light duty. He testified that he was familiar with the job of soil coding but

---

1. Taylor was subpoenaed and present to testify at the hearing, but appellant's counsel released him before the conclusion of the hearing.

that he did not know if that position was available. Appellee typically inspected between twenty to forty homes a day, but he could not recall which home he was inspecting when he tripped on the sidewalk. During cross-examination, appellant showed appellee a group of photographs that supposedly depicted the homes appellee inspected that day. Appellee stated that none of the homes appeared to be the one where he stepped off of the sidewalk.

In its defense, appellant presented the testimony of supervisor Josh Cantrell and Angela Rhodes, its human resources administrator. In her testimony, Rhodes stated that soil coding, a desk job, is a task routinely performed by field appraisers. She said that this position was available to appellee at the same rate of pay after August 9, 2007. Rhodes testified that Dr. Lee's office sent her a form inquiring about light duty, and she said that she advised the doctor's office that soil coding was a light-duty job that appellee could perform.

Cantrell confirmed that appellee reported the accident the day after it occurred. He stated, however, that appellant could have, but did not, call him on his cell phone on the day of the injury. Cantrell said that he identified the homes appellee inspected that day from a review of appellee's date cards, and he took photographs of those homes. He further testified that there was not enough soil-coding work to justify appellee commuting to Lonoke to perform that job.

During the course of the hearing before the administrative law judge, appellant sought to introduce the photographs taken by Cantrell that purported to depict the homes appellee inspected on the day of the accident. The law judge sustained appellee's objection to the admission of the photographs because appellant did not designate them as exhibits in the pre-hearing questionnaire. The law judge also did not allow appellant to introduce into evidence the form completed by Rhodes at Dr. Lee's request, in which Rhodes stated that the job of soil coding was available as light-duty work. The law judge sustained appellee's objection to the admission of this medical record because appellant had not provided it to appellee seven days in advance of the hearing.

In her written decision, the law judge incorporated the evidentiary rulings made at the hearing. In addressing appellee's claim, the law judge ruled that appellee sustained his burden of proving that he sustained a specific injury identifiable by time and place of occurrence. The law judge also found that appellee was entitled to temporary total disability benefits from August 10, 2007, to March 10, 2008, the date appellee filed as a candidate for public office. Appellant appealed the law judge's decision and evidentiary rulings to the Commission, which affirmed and adopted the law judge's decision.

As its first argument, appellant contends that substantial evidence does not support the Commission's finding that appellee sustained a compensable injury. Appellant asserts that appellee's account of the injury is not credible and that, in any event, the injury appellee described is not one that is identifiable by time and place of occurrence.

■ To receive workers' compensation benefits for a specific-incident injury, a claimant must establish that the injury arose out of and in the course of employment and was caused by a specific incident that is identifiable by time and place of occurrence. Ark.Code Ann. § 11–9–102(4)(A)(i) (Supp.2009). While section 11–9–102(4)(A)(i) requires proof of a specific incident that is identifiable by time and place of occurrence, the statute does

not require the claimant to identify the precise time and date upon which the injury occurred. *Edens v. Superior Marble & Glass*, 346 Ark. 487, 58 S.W.3d 369 (2001). However, the claimant's injury must be attributable to a particular, specific incident. *Hapney v. Rheem Mfg. Co.*, 342 Ark. 11, 26 S.W.3d 777 (2000).

In reviewing decisions from the Workers' Compensation Commission, we view the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Commission's findings, and we affirm if the decision is supported by substantial evidence. *Whitlach v. Southland Land & Dev.*, 84 Ark. App. 399, 141 S.W.3d 916 (2004). Substantial evidence is that relevant evidence which reasonable minds might accept as adequate to support a conclusion. *K II Constr. Co. v. Crabtree*, 78 Ark. App. 222, 79 S.W.3d 414 (2002). The issue is not whether we might have reached a different result or whether the evidence would have supported a contrary finding; if reasonable minds could reach the Commission's conclusion, we must affirm its decision. *Geo Specialty Chem. v. Clingan*, 69 Ark. App. 369, 13 S.W.3d 218 (2000).

Appellant cites our decision in *Weaver v. Nabors Drilling USA*, 98 Ark. App. 161, 253 S.W.3d 30 (2007), to support its argument that appellee did not sustain a specific-incident injury. In that case, the claimant experienced an onset of tingling and numbness in his hands one day after "mixing mud" with his hands. An MRI revealed that the claimant suffered from two disc herniations to his cervical spine, which he attributed to his duties of mixing mud. We determined that the claimant proved only that he had an injury and felt pain at work but that he did not establish that a specific incident occurred at work. Because the claimant could not identify a specific incident that produced the injuries, we held that substantial evidence supported the Commission's denial of benefits.

Here, the Commission found credible appellee's claim that he jarred his back when he stepped off of a sidewalk. As appellant points out, appellee could not recall the exact location of the incident, and appellee did not immediately report the injury to his supervisor. However, it was for the Commission to determine the credibility of appellee's testimony, and the Commission accepted as credible appellee's version of events as to what occurred. Once the Commission has made its decision on issues of credibility, the appellate court is bound by that decision. *Strickland v. Primex Techs.*, 82 Ark. App. 570, 120 S.W.3d 166 (2003). We also do not agree with appellant's contention that appellee failed to prove a specific-incident injury. Unlike the employee in *Weaver, supra,* appellee described a specific event that caused his injury, to wit, stepping off the sidewalk.

For its second argument on appeal, appellant contends that appellee was not entitled to temporary total disability benefits because he could have worked at light duty at his same wages performing the job of soil coding. A claimant is entitled to temporary total disability benefits for that period within the healing period during which he suffers a total incapacity to earn wages. *Searcy Indus. Laundry, Inc. v. Ferren*, 92 Ark. App. 65, 211 S.W.3d 11 (2005). However, if an injured employee refuses employment suitable to his capacity offered to or procured for him, he shall not be entitled to any compensation during the continuance of the refusal, unless the refusal is justified in the Commission's opinion. Ark.Code Ann. § 11–9–526 (Repl. 2002).

Here, the Commission found that the soil-coding job was not actually avail-

able because there was not enough soil-coding work to be done. The Commission based this finding on Cantrell's testimony. Therefore, the Commission's decision is supported by substantial evidence, and we affirm on this point.

Appellant's final argument concerns the evidentiary rulings excluding photographs and a medical form from admission into evidence. In both instances, the law judge disallowed the evidence because appellant had not provided the exhibits to the appellee in advance of the hearing as required by the pre-hearing order. Appellant argues that the Commission erred because the exhibits were offered as rebuttal evidence. Specifically, appellant contends that the photographs rebutted appellee's testimony by showing that none of the homes he inspected on the day in question had sidewalks and that the medical form rebutted the deposition testimony of Dr. Lee that he was not aware that appellant had light-duty work available.

The Commission has broad discretion with reference to the admission of evidence, and its decision will not be reversed absent a showing of abuse of discretion. *Coleman v. Pro Transp., Inc.,* 97 Ark. App. 338, 249 S.W.3d 149 (2007). The Commission is given a great deal of latitude in evidentiary matters. *Id.* Specifically, Arkansas Code Annotated section 11–9–705(a) (Repl.2002) states that the Commission "shall not be bound by technical or statutory rules of evidence or by technical or formal rules of evidence." Additionally, the Commission is directed "to conduct the hearing in a manner as will best ascertain the rights of the parties." Ark.Code Ann. § 11–9–705(a).

Genuine rebuttal evidence consists of evidence that is offered in reply to new matters. *Farm Bureau Mut. Ins. Co. of Ark. v. Foote,* 341 Ark. 105, 14 S.W.3d 512 (2000). In *Bryant v. Staffmark, Inc.,* 76

Ark. App. 64, 61 S.W.3d 856 (2001), the law judge refused to allow the claimant to introduce the testimony of a rebuttal witness to contradict a material assertion made by the employer's witness. The law judge based his ruling on the existence of a pre-hearing order requiring the disclosure of all witnesses, including those offered in rebuttal, seven days before the hearing. On appeal, we reversed the decision excluding the testimony. The proffered testimony was legitimate rebuttal evidence, and we held that the law judge's ruling was inconsistent with the large body of law that does not require notice of rebuttal witnesses. We also stated that a blanket rule requiring the disclosure of rebuttal testimony was illogical because it is impossible to anticipate the testimony that may need rebutting prior to a hearing.

We find no error in the exclusion of the exhibits. First, the record reflects that appellant deposed both appellee and Dr. Lee well in advance of the hearing. The proffered medical document does not rebut the doctor's testimony, because there is nothing in the record to indicate that the doctor was aware of the document. Second, the photographs were available and discussed at appellee's deposition, and the exhibit was at the core of appellant's case. Thus, the Commission did not abuse its discretion by not admitting the exhibits into evidence.

Affirmed.

HART and KINARD, JJ., agree.