2010 Ark. App. 490

**Dale FULLER, Appellant**

v.

**MILLAR, INC., and New Hampshire Insurance Company, Appellees.**

**No. CA 10–80.**

Court of Appeals of Arkansas.

June 16, 2010.

Steven R. McNeely, The McNeely Law Firm PLLC, Little Rock, for appellant.

Jarrod S. Parrish, Worley, Wood & Parrish, P.A., Little Rock, for appellees.

JOSEPHINE LINKER HART, Judge.

Appellant, Dale Fuller, appeals the Arkansas Workers' Compensation Commission's determination that he did not suffer a compensable work-related injury to his back. Particularly, he asserts that the Commission arbitrarily disregarded medical opinions indicating that his back pain was caused by a work-related injury. We affirm the Commission's decision.

Appellant testified that on August 4, 2008 (a Monday), while at work, he sustained an injury to his back when he unhooked a diesel tank from the front end of a backhoe. He "snatched" the fastening pin seven to ten times, as it was hard to remove, and when he did remove it, he felt a sharp pain down his right leg and right side, but the pain quickly went away. When he went home, however, he began to ache and hurt, and he sought medical attention the next day. He explained that he had sharp pain in his back and down his legs. He asserted that he reported his injury to his supervisor, Steven Shuck, the morning after the injury. He admitted on cross-examination that he suffered from kidney stones.

Shuck testified that he drove appellant home on August 4, 2008, and appellant did not mention the incident with the pin or mention any pain or injury. Shuck further testified that on the morning of August 5, 2008, appellant called him and told him that he was going to see a physician because his back and kidneys were hurting. According to Shuck, appellant did not mention a work-related injury. When Shuck spoke to appellant later that evening, appellant told him that he had kidney stones, that his back was swelling, and that he needed to take a few days off. Appellant took the rest of the week off.

Shuck called appellant on the following Sunday, and appellant told him that he was feeling worse and would see a doctor the next day. On Monday, appellant told Shuck that his doctor told him that he needed to file a workers' compensation claim for his back. Shuck asked if appellant hurt his back at work, and appellant told him that he really did not know where he hurt his back, but that the only thing that he could think of was when he pulled the pin. Shuck filled out an accident re-

port. Shuck testified that appellant's co-workers reported that they did not witness anything. According to Shuck, he had three to four conversations with appellant before appellant mentioned the pin.

Medical records from August 5, 2008, indicated that appellant complained to his treating physician of low back pain that was "worse after driving heavy equipment." A record from six months later, February 3, 2009, noted low back and right hip and leg pain, and appellant's treating physician noted that the pain "occurred after pulling on pin on backhoe—(See note 8–5–08.) Still trying to get WC coverage." On February 9, 2009, a |₃neurosurgeon noted the history of appellant pulling a pin out of a hitch from a bulldozer to a fuel tank on August 4, 2008, and suffering from "immediate pain into his back and going down into his buttock in his right leg area." The neurosurgeon noted that appellant's MRI was "completely negative." On February 23, 2009, the neurosurgeon wrote that he would "assume" that appellant's history of a work injury was the etiology of appellant's problem, but that there was "no way I can absolutely be sure of that." The neurosurgeon again noted that an MRI was "completely negative" and that appellant did not have anything other than a "muscular ligamentous type injury" from his exam and history.

The parties addressed before the administrative law judge whether appellant sustained a compensable work-related injury. The ALJ found that appellant was attributing his back problems to an incident at work because of a lack of any other explanation. The ALJ noted that the claimant neither reported an injury at work that day, nor was he hurting on his ride home with Shuck. Further, she noted that appellant admitted that the pain began when he was at home and that he suffered from kidney stones and other health problems.

She also noted that the MRI of his lumbar spine was negative. The ALJ found that "[b]ased on the credible evidence," appellant failed to prove a compensable work-related back injury on August 4, 2008. The Commission adopted the ALJ's opinion.

On appeal, appellant asserts that the neurosurgeon's observation that he would "assume" that appellant's history of a work-related injury was the etiology of appellant's problem, but that there was "no way I can absolutely be sure of that," was a medical opinion |₄on causation. Further, he observes that his treating physician noted on February 3, 2009, this same history. He asserts that the Commission arbitrarily disregarded the physicians' opinions on causation.

To receive workers' compensation benefits for a specific-incident injury, a claimant must establish that the injury arose out of and in the course of employment and was caused by a specific incident that is identifiable by time and place of occurrence. Ark.Code Ann. § 11–9–102(4)(A)(i) (Supp.2009). The claimant's injury must be attributable to a particular, specific incident. *Mack–Reynolds Appraisal Co. v. Morton*, 2010 Ark. App. 142, 375 S.W.3d 6. In reviewing Commission decisions, we view the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Commission's findings and affirm if the decision is supported by substantial evidence. *Id.* The Commission, however, may not arbitrarily disregard medical evidence or the testimony of any witness. *Roberts v. Whirlpool*, 102 Ark.App. 284, 284 S.W.3d 100 (2008).

Here, appellant testified about the pin-pulling incident, and some six months after the accident, two physicians reiterated this same history that appellant provided to them. Appellant, however, failed to report

a specific incident to his employer on the day of the accident, August 4, 2008. Nor was there a reference to the pin-pulling incident in the medical report made the day after the accident. Further, according to appellant's supervisor, it was not until some time later that appellant told him that he really did not know how he hurt his back, but that the only thing that he could think of was when he pulled the pin. Given these inconsistencies, there was substantial evidence from which the Commission could conclude that appellant failed to establish that the pin-pulling incident was the cause of any injury.

Affirmed.

VAUGHT, C.J., and PITTMAN, J., agree.