
# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV-15-532

| | | |
|---|---|---|
| MORRIS VOAN | | **Opinion Delivered** November 4, 2015 |
| | APPELLANT | |
| | | APPEAL FROM THE ARKANSAS |
| V. | | WORKERS' COMPENSATION |
| | | COMMISSION    [NO. F601217] |
| | | |
| CITY OF TEXARKANA | | |
| | APPELLEE | AFFIRMED |

## M. MICHAEL KINARD, Judge

Morris Voan appeals from an order of the Arkansas Workers' Compensation Commission awarding him additional temporary-total disability (TTD) benefits for the six weeks following his August 2012 surgery, the purpose of which was to remove hardware implanted in a 2009 surgery. He contends that there is no substantial evidence to support the Commission's decision that he was not also entitled to TTD for the sixteen-month period leading up to the 2012 surgery and for an undetermined period beyond his recovery from that surgery. Specifically, he argues that the Commission erred in not finding that he entered a second healing period and was entitled to additional TTD starting as early as April 2011, when his pain intensified and he sought treatment from anesthesiologist and pain-management specialist Dr. Sunder Krishnan. We affirm.

The injured party bears the burden of proving entitlement to workers' compensation benefits and must sustain that burden by a preponderance of the evidence. *Clardy v. Medi-Homes LTC Services LLC*, 75 Ark. App. 156, 55 S.W.3d 791 (2001). An employee who

SLIP OPINION

suffers a compensable injury is entitled to TTD benefits during the period in which he is healing from the injury and is totally incapacitated to earn wages. *Searcy Industrial Laundry, Inc. v. Ferren*, 92 Ark. App. 65, 211 S.W.3d 11 (2005). This healing period ends when the employee is as far restored as the permanent nature of his injury will permit; if the underlying condition causing the disability has become stable and nothing in the way of treatment will improve that condition, the healing period has ended. *Belin v. United Parcel Service*, 2011 Ark. App. 587. An injured employee may enter a second healing period after the first has ended, where a second complication is found to be a natural and probable result of the first injury. *Id.* However, the persistence of pain may not of itself prevent a finding that the healing period is over, provided that the underlying condition has stabilized. *Id.*; *Mad Butcher, Inc. v. Parker*, 4 Ark. App. 124, 628 S.W.2d 582 (1982).

In reviewing workers' compensation decisions on appeal, we view the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Commission's findings, and we affirm if the decision is supported by substantial evidence. *Loar v. Cooper Tire & Rubber Co.*, 2014 Ark. App. 240. Substantial evidence is that which a reasonable person might accept as adequate to support a conclusion. *Id.* The determination of the credibility and weight to be given a witness's testimony is within the sole province of the Commission; the Commission is not required to believe the testimony of any witness but may accept and translate into findings of fact only those portions of the testimony it deems worthy of belief. *Id.* It is the responsibility of the Commission to draw inferences when the testimony is open to more than a single interpretation, whether controverted or uncontroverted, and when it

2

does so, its findings have the force and effect of a jury verdict. *Dorris v. Townsends of Arkansas, Inc.*, 93 Ark. App. 208, 218 S.W.3d 351 (2005). When the Commission denies benefits because the claimant has failed to meet his burden of proof, the substantial-evidence standard of review requires that we affirm if the Commission's decision displays a substantial basis for the denial of relief. *Wright v. Conway Freight*, 2014 Ark. App. 451, 441 S.W.3d 45.

Here, the administrative law judge's opinion, adopted by the Commission as its own, adequately explains the decision. Having determined that the Commission's findings are supported by substantial evidence, we affirm by this memorandum opinion pursuant to sections (a) and (b) of *In re Memorandum Opinions*, 16 Ark. App. 301, 700 S.W.2d 63 (1985).

Affirmed.

VIRDEN and HOOFMAN, JJ., agree.

*Martin Law Firm*, by: *Aaron L. Martin*, for appellant.

*J. Chris Bradley*, for appellees.